BLD-081                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3196
_____

UNITED STATES OF AMERICA,

v.

JAMES T. WILLIAMS, also known as MAX, also known as MATH, Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-95-cr-00407-002)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 26, 2023
Before:  AMBRO, KRAUSE, and PORTER, <u>Circuit Judges</u>

(Opinion filed: March 22, 2023)
_____

OPINION[*]
_____

PER CURIAM

James Williams appeals from the District Court's order denying his petition for a

writ of habeas corpus under 28 U.S.C. § 2241.  He has filed a motion to summarily

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

reverse the District Court's judgment. For the reasons that follow, we will deny his motion and will summarily affirm the judgment below.

## I.

In 1996, an Eastern District of Pennsylvania jury found Williams guilty of crimes related to three armed bank robberies. He was sentenced to 687 months' imprisonment. Williams did not obtain relief on direct appeal. In March 1999, Williams timely filed a pro se 28 U.S.C. § 2255 motion, which appointed counsel later amended. In April 2000, the District Court conducted a hearing on the § 2255 motion, and partially granted Williams's motion to proceed pro se by allowing him to submit supplemental claims for counsel to file by August 1, 2000. Over one year later, on August 7, 2001, Williams sought to add supplemental claims to his motion, but the District Court denied his request because the deadline for raising such claims had long passed. The District Court denied Williams's § 2255 motion on the merits and declined to issue a COA. United States v. Williams, 166 F. Supp. 2d 286 (E.D. Pa. 2001). Williams appealed and this Court denied his request for a COA. United States v. Williams, C.A. 01-4125 (order entered Sept. 24, 2002). For years, Williams has unsuccessfully challenged the District Court's failure to adjudicate those supplemental claims and its denial of his right to represent himself during his initial collateral proceeding by filing § 2241 petitions and § 2255 motions in the District Court. In this Court, he has twice sought leave under 28 U.S.C. § 2244(b)(3) and § 2255(h) to file a successive § 2255 motion; those requests were denied because Williams had not satisfied the standard for filing a successive motion.

2

In June 2022, Williams filed the at-issue § 2241 petition, renewing his arguments about the denial of his right to self-representation and the District Court's failure to adjudicate the supplemental claims in his initial § 2255 proceeding. The District Court denied the § 2241 petition, because Williams had not demonstrated that a § 2255 motion would be an inadequate or ineffective means to challenge the legality of his detention. See ECF No. 507. Williams timely appealed. He now moves to summarily reverse the District Court's denial order.

## II.[1]

A motion filed under § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A habeas corpus petition filed pursuant to § 2241 accordingly "shall not be entertained" unless a § 2255 motion would be "inadequate or ineffective to test the legality of [petitioner's] detention." 28 U.S.C. § 2255(e). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. This "safety-valve" exception is narrow and applies

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and review the District Court's factual findings for clear error. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We may summarily affirm a judgment of the District Court on any basis supported by the record if the appeal does not raise a substantial question. See I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011).

only in rare circumstances, such as when "an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review." See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 179 (3d Cir. 2017).

We agree with the District Court that Williams may not resort to § 2241 as a remedy because he did not satisfy § 2255(e)'s safety-valve provision. Williams argues that our decision in United States v. Taylor, 21 F.4th 94 (3d Cir. 2021), requires vacating the judgment below, see C.A. No. 4 at p. 2, but his invocation of Taylor is misplaced. Taylor was a direct appeal opinion that involved a district court's failure to adequately admonish a defendant during pre-trial proceedings about the attendant risks and consequences of waiving his right to counsel and representing himself. 21 F.4th at 101-02. That case has no bearing on whether the conduct underlying Williams's armed robbery convictions is non-criminal.

As for Williams's supplemental claims (most of which appear to be prosecutorial misconduct and Brady[2] claims), see ECF No. 499 at pp. 7, 12, the District Court correctly explained that § 2241 was not the appropriate vehicle to raise such claims. The proper avenue for pursuing relief for those claims was via a § 2255 motion. Because Williams had already filed a § 2255 motion that was adjudicated on the merits, he can only advance a new claim for relief in a successive § 2255 motion. See 28 U.S.C. § 2255(h). To file a successive motion, Williams needed, but did not have, authorization from this

---

[2] See Brady v. Maryland, 373 U.S. 83 (1963).

4

Court.  See id.; see also Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002).  To obtain such authorization, Williams needs to point to a new rule of constitutional law that is retroactively applicable or newly-discovered facts establishing his innocence, see § 2255(h), but he has done neither.  The fact that Williams cannot satisfy the stringent gatekeeping requirements for filing a second or successive § 2255 motion does not render § 2255 an inadequate or ineffective remedy to pursue relief.  See Cradle, 290 F.3d at 539.

### III.

Williams has not shown an intervening change in law or other extraordinary circumstances that would render § 2255 inadequate or ineffective to challenge his conviction and sentence.  The District Court therefore properly denied his § 2241 petition.  Because this appeal does not present a substantial question, we will summarily affirm the judgment of the District Court, and we deny Williams's motion to summarily reverse.  See 3d Cir. L.A.R. 27.4; IO.P. 10.6.